**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-2226**

———————

GILBERTO MARTIN-BALTAZAR,

             Petitioner,

        v.

LORETTA E. LYNCH, United States Attorney General,

             Respondent.

———————

On Petition for Review of an Order of the Board of Immigration Appeals.

———————

Submitted: April 17, 2015                Decided: May 8, 2015

———————

Before KING, DUNCAN, and KEENAN, Circuit Judges.

———————

Petition denied by unpublished per curiam opinion.

———————

Gilberto Martin-Baltazar, Petitioner Pro Se.  Todd J. Cochran, John Hogan, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gilberto Martin-Baltazar, a native and citizen of Guatemala, petitions for review of an order of the Board of Immigration Appeals ("Board") denying his motion to reopen. We deny the petition for review.

On March 26, 2013, the Board dismissed Baltazar's appeal from the immigration judge's order finding him removable, and denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture. On June 30, 2014, Martin-Baltazar filed a motion to reopen with the Board for the purpose of seeking cancellation of removal. The Board denied the motion as untimely and declined to exercise its sua sponte authority to reopen.[*]

An alien may file one motion to reopen within 90 days of the entry of a final order of removal. 8 U.S.C. § 1229a(c)(7)(A), (C) (2012); 8 C.F.R. § 1003.2(c)(2) (2014). Here, it is undisputed that Martin-Baltazar's motion was untimely. On appeal, however, Martin-Baltazar notes that the time limitation does not apply if the basis for the motion is to seek asylum or withholding of removal based on changed country conditions arising in the country to which the alien was ordered

---

[*] Martin-Baltazar does not challenge the Board's refusal to exercise its discretion to reopen sua sponte.

2

removed. 8 U.S.C. § 1229a(c)(7)(C)(ii) (2012); 8 C.F.R. § 1003.2(c)(3)(ii) (2014). Martin-Baltazar argues that the recent birth of his daughter in the United States provides him with a qualifying relative for the purposes of cancellation of removal, rendering the time limitation on his motion to reopen inapplicable.

We disagree. A change in personal circumstances, such as the birth of a child who is a United States citizen, is not the same as a change in country conditions and does not excuse a petitioner's failure to observe the time limitation for filing a motion to reopen. See Ji Cheng Ni v. Holder, 715 F.3d 620, 624 (7th Cir. 2013); Najmabadi v. Holder, 597 F.3d 983, 991 (9th Cir. 2010). Accordingly, we conclude that the Board did not abuse its discretion in denying the motion to reopen.

Therefore, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

PETITION DENIED

3